John Hannay, Administrator of Samuel Hannay, deceased, *v.* Alfred Pell.

A surety, in an action brought by his principal upon a money demand, may set up as a defence the recovery of a judgment against him, on his contract of suretyship.

Unless he has actually made some payment on account of his liability as such, a surety is not entitled to relief at law, and can only proceed in equity to compel the principal to make payment and the creditor to receive it.

Yet, under the Code of Procedure, where the principal brings against the surety an action upon an account, in the form of an action at law, and the answer sets up the recovery against the surety of a judgment by the creditor and prays affirmative relief; the court, when it appears, upon a finding of the facts by referees or otherwise, that the amount due on the account is less than the judgment, may adjudge that the plaintiff pay to the creditor the judgment deducting the amount so due from the defendant, and may provide that the payment by the defendant to such creditor, of the amount last mentioned, shall discharge the defendant from the plaintiff's claim.

Where the facts are correctly found by a referee, the court, on appeal from the judgment entered upon his report, may disregard his conclusions of law, if erroneous, and may direct the entry of such judgment upon the facts found, as in the opinion of the court should have been recommended by the referee.

The complaint in this action was filed by the administrator of an estate, to recover $3,229 64, and interest, upon three causes of action, all founded upon contract: 1, Upon a promissory note, made by the defendant and delivered to the intestate, for $500 ; 2, For five payments, of $100 each, made by the decedent to a son of the defendant, upon the written request or

order of the defendant; and 3, For moneys, amounting to $2,229 04, paid by the decedent for principal and interest upon six of eight promissory notes executed by him, and given to one Collins with the defendant's endorsement, which six notes the plaintiff alleged were given for the defendant's accommodation, under an agreement by the defendant to pay them at maturity.

The answer admitted the facts averred as the second cause of action, but alleged that all other matters between the decedent and himself had been fully settled. In respect to the notes mentioned in the third section of the complaint, the answer charged that they were in fact given by the decedent in settlement of his own debt; that only five of the number had been paid by him in full; that after paying the sixth within $250 of its amount, the decedent gave a renewal thereof in that sum with the defendant's endorsement; and that all the eight notes, including the renewed note, were endorsed by the defendant for the accommodation of the decedent.

The answer also set forth a judgment for $1,080 25, against the defendant as endorser, recovered by Collins in another court, after the intestate's death, upon two of the eight promissory notes described in the third section of the complaint, and upon the renewed note. The defendant prayed that the judgment so recovered against him by Collins might be set off to the amount paid by the intestate upon the order of the defendant, as averred in the second section of the complaint, or that an order might be entered in this action requiring the plaintiff to pay out of the estate the judgment held by Collins, deducting the amount due from the defendant to the estate for the payments of the decedent under the order aforesaid. The answer stated, that upon the granting of the order prayed for, the defendant was prepared to pay the amount last mentioned.

The reply alleged, that the judgment for $1,080 25 remained unpaid, notwithstanding the issuing of an execution thereon, and denied the right of the plaintiff to either the set off or the other relief sought in the answer.

The cause was tried by referees, who reported that the note for $500, described in the first section of the complaint, had been compromised and paid, and that the six notes mentioned in the third section of the complaint were not given for the defendant's accommodation, nor under any agreement by the defendant to pay them.

In respect of the second alleged cause of action, the report found due the plaintiff the sum of $420 94, being $500 and interest, less $200 proved to have been paid by the defendant.

The referees further reported, that one Collins did recover against the defendant the judgment for $1,080 25 set forth in the answer, and that upon the notes on which the judgment was obtained, the defendant had been liable only as an accommodation endorser for the intestate. And the report concluded by certifying that the defendant was not entitled to any relief in this action by reason of the recovery by Collins of the judgment aforesaid, and directed a judgment in favor of the plaintiff for $420 94, with costs. For this sum the plaintiff entered a judgment accordingly, and the defendant appealed. The printed papers furnished to the court contained the pleadings and report, with exceptions on the part of the defendant, but by consent none of the testimony was included.

When the appeal was made, the plaintiff's counsel offered his assent to a new trial. The offer was not accepted by the counsel for the defendant, who contended that the facts were all sufficiently established, and that the only question was as to what the judgment should be upon those facts ; that there was, therefore, no necessity for a new trial; that the facts being found by the referees, the case on the appeal stood as if, under the old practice, it had been before the chancellor upon an appeal from the vice chancellor; and that it was the duty of the court to award precisely the judgment which the referees, being in the relative position of a vice chancellor, should have given.

On the hearing of the appeal, the plaintiff's counsel formally renewed his assent to an order for a new trial, when the counsel for the defendant objected thereto, and urged—

Hannay *v.* Pell.

1. That by § 272 of the Code, referees upon a trial have the same power as the court; that their decision may be excepted to and reviewed in like manner as the decision of a judge; that judgment thereon is to be entered as if the trial had taken place before the court; and that the report is to have the effect of a special verdict; that, therefore, the judgment in this case stood upon the same footing as if the cause had been tried by a judge without a jury. 2. That by § 330 of the Code, it was entirely discretionary with the appellate tribunal whether to direct a new trial or modify the judgment. 3. That by § 469, the previous practice of the court, if it would not have allowed such modification and reform of the judgment, is abrogated. (*a*)

The court directed the hearing to proceed, when

*John F. Mitchell* and *Benjamin D. Silliman,* for the defendant, argued the following points:

I. The defendant stands in this position. He owes the estate of the decedent $420 94. He is at the same time surety (accommodation endorser) for the decedent to the amount of $1,080 25, for which amount judgment has been recovered against the defendant as such surety. The defendant is entitled to judgment in this action, that the plaintiff pay the judgment so recovered against the defendant as such surety. Such relief to the defendant should be made a condition of his paying the $420 94, found due to the decedent's estate. A surety always has a right to compel the principal to relieve him where his liability has attached in consequence of the default of the principal. (Burge on Suretyship, 1st Am. ed. 378, and cases cited; Story on Equity, 1 Sec. 327, and cases cited; *King* v. *Baldwin,* 2 J. C. R. 562; *Paine* v. *Packard,* 13 J. R. 174.) He is entitled to this relief so soon as the default of the principal occurs, and before he (the surety) has been sued by the creditor. (Same

(*a*) The reporter is indebted to Mr. SILLIMAN, for the use of his rough minutes of the hearing on the appeal.

authorities, and *Hays* v. *Ward*, 4 J. C. R. 122; *Ranelagh* v. *Hays*, 1 Vernon, 189; Story's Equity, 2 Sec. 730.) Here the defendant's liability as surety has attached not only by the default of the principal to take up these accommodation notes at maturity, but suit has been brought by the holder, and judgment recovered against the defendant as surety on such notes.

II. It would be grossly inequitable to compel the defendant to pay to the plaintiff $420 94, and at the same time leave the defendant subject to a judgment for plaintiff's debt to a third party for $1,080 25.

III. There can be no difficulty in doing justice between the parties under the pleadings in this action. The referees erred in not directing the plaintiff to pay the judgment so recovered against the defendant as the surety of the decedent, or that the plaintiff should pay to the holder of that judgment the difference between the amount thereof and the sum of $420 94, and that the defendant pay such last named sum on said judgment. 1. The defendant may set forth as many defences as he may have, whether they be legal or equitable, or both. (Code, § 150, subd. 1 and 2.) 2. The judgment " *may grant to the defendant any affirmative relief to which he may be entitled.*" (Code, § 274.) This section of the Code, as it stood in 1848, before the addition of the words above italicized, would, in an action, as between the plaintiff and the defendant, have given the relief we ask. ( *Woodworth* v. *Bellows*, 4 Pr. R. 24; *S. C.* 1 Code Rep. 129; *Norbury* v. *Seely*, 4 Pr. R. 73.) But the addition of the italicized words, by the amendment of 1852, removes all doubt on the subject, if any before existed.

IV. The defendant's rights as surety, entitling him to the " affirmative relief," which he asks, and the statute expressly authorizing such relief to be granted under the pleadings, the decision of the referees, or the judgment to be entered thereon, should be modified accordingly. (Code, §§ 272, 330, 469.)

V. The defendant is entitled to his costs in this action.

*Edwards Pierrepont*, for the plaintiff, stated that he had prepared no points, upon the supposition that a new trial would be

granted upon his assent.  He contended, that as the parties, by consent, had come before the court upon papers in which no part of the testimony was produced, and which presented only the pleadings and the referees' finding of facts and conclusions of law, no proper disposition of the case could be made, except to order a new trial, of which the defendant had already been afforded the opportunity of availing himself, by the plaintiff's consent, without the necessity of prosecuting his appeal; that no injustice could result from such a direction; that the facts were not sufficiently before the court to justify a parallel between this cause and a case brought up from a vice chancellor to the chancellor.

BY THE COURT.  INGRAHAM, FIRST J.—The referees in this cause have reported in favor of the plaintiff for $420 94, and the defendant appeals from the finding of the referees and the judgment thereon.

The plaintiff, on the argument, was willing that the report should be set aside, to which the defendant's counsel objected, alleging that the facts had all been passed upon by the referees, and that the only question was as to the proper judgment to be rendered thereon.

Upon this point there can be no doubt.  If the facts are all found by the referees, and the appellant does not object to the decision upon the facts, there is no ground for setting aside the report in that respect.

When the facts are correctly found, and the error is one of law in giving the judgment, the court on appeal may give the judgment for which the referees should have reported.

Upon the hearing before the referees, these facts were established and reported upon by them :

1. That for five payments of $100 each, made by the decedent on the defendant's account, upon the order described in the complaint, and admitted in the answer, there was due a balance for principal and interest amounting to the sum for which the referees reported in the plaintiff's favor.

2. That Collins recovered against the defendant a judgment

for $1,080 25, upon three notes which were endorsed by the defendant for the accommodation of Samuel Hannay, the intestate, and that the defendant was only liable thereon as accommodation endorser for his benefit.

3. That the other items claimed by the plaintiff were not sustained by proof.

And as matter of law, they decided that the defendant was not entitled to any relief in this action, by reason of the recovery of the judgment of Collins against him.

In the answer, the defendant asks to have the amount of the plaintiff's claims set off against the judgment—or that an order be made in this action requiring said plaintiff to pay the amount of Collins' judgment, after deducting the claim in this action.

At law it is well settled that a surety has no claim against his principal until he has paid something on the liability he has incurred. The recovery of a judgment, and even imprisonment on a *ca. sa.*, would not entitle him to any remedy. (*Powell* v. *Smith*, 8 J. R. 192; *Hunt* v. *Amedon*, 4 Hill, 345.)

But in equity a surety may apply for such relief as will compel the debtor to pay the debt, and the creditor to receive payment. (*Warner* v. *Beardsley*, 8 Wend. 194; *Gibbs* v. *Menard*, 6 Paige's C. R. 258; 3 Swans, 368.)

The question then arises, whether the defendant, in an action against him on a note which he admits to be due, may set up as a defence in his answer that a judgment had been recovered against him for another claim, in which the plaintiff was the principal and he the surety, and obtain therein affirmative relief, directing such judgment to be paid.

By the 149th section of the Code, the defendant is allowed to set up in his answer any defence or counter claim to the plaintiff's cause of action.

By the 150th section, such defence and counter claims may be set forth in the answer, whether legal or equitable, or both.

And by section 274, the court may grant to the defendant any affirmative relief to which he may be entitled.

The answer sets up the recovery of this judgment, and that

Hannay *v.* Pell.

it was upon endorsements of the defendant for the accommodation of Samuel Hannay, the intestate. The reply of the plaintiff denies these allegations, and also avers that the defendant has not paid the judgment so recovered against him.

I see no reason why the plain intent of the provisions of the Code should not be carried out in such an action. Both parties have had the opportunity of answering the other's claims in pleading.

The plaintiff's and defendant's claims both arise upon contract. The defendant would be entitled to the relief he asks for if he had commenced an action for that purpose, and the Code says he may obtain any relief he may be entitled to, although defendant. (See 3 Sand. 688 ; 5 How. 192, 216, 272.)

That some confusion will arise from thus blending together legal and equitable proceedings, is evident. The case could not be tried by a jury in the ordinary way, although merely for the recovery of a sum of money on a note ; and the introduction of an equitable defence renders it necessary that after the finding of the facts, the court should direct the judgment proper to be entered in the cause.

But these difficulties can be surmounted, and as it is apparent that the legislature intended, by the amendment made to the 274th section of the Code in 1852, to sanction such a defence, I see no other course but for the court in good faith to conform their practice thereto.

The affirmative relief, however, which the defendant should have in such a case, ought not to extend beyond what becomes necessary to constitute a defence, either legal or equitable, to the plaintiff's claim. He would have no right to claim from the plaintiff any moneys but what would arise on a contract, nor to ask for a judgment in his favor for matters which did not constitute a defence to the plaintiff's claim. Under this restriction, I see no difficulty in carrying out the provisions of the Code.

We think that the report of the referees contains all the finding of the facts necessary to the final decision of the case ; that

the plaintiff has a claim against the defendant to the amount reported due by the referees ; that the defendant is entitled to a judgment directing the plaintiff to pay the amount of the judgment so recovered against the defendant, as surety of the plaintiff, after deducting the sum reported to be due to the plaintiff by the referees ; and that the defendant may pay such amount on the said judgment, and on payment thereof that the same shall be deemed a satisfaction of the plaintiff's claim in this action.

We think, also, that as neither party took the proper proceedings to settle the claims between them in the first instance, neither party is entitled to recover costs against the other.

Judgment modified so as to direct that the plaintiff pay to Collins the judgment recovered by him, as set up in the answer, against the defendant, as surety, deducting the amount reported due in this cause, and that the defendant may thereupon pay to Collins the amount last mentioned, such payment to be in full of the plaintiff's claim in this action. No costs of appeal allowed to either party.